THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STONE WELL SERVICE, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PARADOX UPSTREAM, LLC, a/k/a CCI PARADOX UPSTREAM, LLC; and DOES I-V,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**<br><br>Case No. 4:21-cv-00125-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises from Defendant's alleged failure and refusal to pay for materials and labor provided by Plaintiff.[1] Plaintiff asserts claims against Defendant for breach of contract, lien foreclosure, and quantum meruit.[2] Defendant seeks to compel arbitration based on the terms of the parties' Master Service Agreement and to stay this litigation ("Motion").[3] Plaintiff initially opposed Defendant's Motion, arguing that the Master Service Agreement does not apply to the materials and labor that are the subject of its Amended Complaint.[4] However, Plaintiff later conceded that the case must be submitted to arbitration where the arbitrators will decide these issues of arbitrability.[5]

---

[1] Amended Verified Complaint ("Amended Complaint") ¶¶ 15-17 at 4, docket no. 3-4, filed Dec. 21, 2021.

[2] *Id*. ¶¶ 7-45 at 3-7.

[3] Motion to Compel Arbitration and Stay Litigation ("Motion"), docket no. 8, filed Dec. 27, 2021.

[4] Memorandum in Opposition to Motion to Compel Arbitration and Stay Litigation, docket no. 13, filed Jan. 14, 2022.

[5] Sur-Reply in Opposition to Motion to Compel Arbitration and Stay Litigation at 2-3, docket no. 20, filed Feb. 22, 2022.

"Because arbitration is simply a matter of contract, just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question who has the primary power to decide arbitrability turns upon what the parties agreed about *that* matter."[6] The parties' Master Service Agreement plainly requires arbitration of "[a]ny dispute, controversy or claim arising out of or relating to th[e] Agreement or the breach, termination or validity thereof" under the Rules of American Arbitration Association ("AAA").[7] And under AAA Rules, arbitrators "shall have the power to rule on [their] own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim."[8] The Tenth Circuit Court of Appeals has held that "when contracting parties incorporate the AAA rules into a broad arbitration agreement, as was the case here, such an incorporation clearly and unmistakably evinces their intent to arbitrate arbitrability."[9]

Because the arbitration clause of the parties' Master Service Agreement[10] clearly and unmistakably evinces the parties' intent to arbitrate issues of arbitrability, the arbitrability of the claims within Plaintiff's Amended Complaint must be decided by an arbitrator. Therefore, Defendant's Motion[11] is GRANTED.

---

[6] *Dish Network, LLC v. Ray*, 900 F.3d 1240, 1245 (10th Cir. 2018) (internal quotations omitted; emphasis in original).

[7] Master Service Agreement ¶ 26 at 11, docket no. 8-1, filed Dec. 27, 2021.

[8] AAA R. 7(a).

[9] *Dish Network, LLC*, 900 F.3d at 1246.

[10] Master Service Agreement ¶ 26 at 11-12.

[11] Docket no. 8, filed Dec. 27, 2021.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[12] is GRANTED. The parties are directed to submit Plaintiff's Amended Complaint[13] to arbitration under the arbitration clause within the parties' Master Service Agreement.[14] This case is STAYED pending a final decision of the arbitrators. Upon issuance of a final decision in the arbitration, the parties must jointly file a motion to lift the stay of this case and any other appropriate documents or motions to recognize or effectuate the arbitrators' decision.

IT IS FURTHER ORDERED that no determination is made regarding Plaintiff's pending Motion for Leave to File Second Amended Complaint.[15] Whether Plaintiff may amend its claims, and if so, what affect the amended claims would have on the arbitrability of the parties' dispute, is a determination appropriately for the arbitrators to make when deciding the issues of arbitrability. The Clerk is directed to ADMINISTRATIVELY TERMINATE the Motion for Leave to File Second Amended Complaint.[16]

IT IS FURTHER ORDERED that by no later than September 1, 2022, and every four months thereafter, the parties must jointly file a report stating the status of the arbitration.

Signed June 6, 2022.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[12] Docket no. 8, filed Dec. 27, 2021.

[13] Docket no. 3-4, filed Dec. 21, 2021.

[14] Master Service Agreement ¶ 26 at 11-12.

[15] Docket no. 12, filed Jan. 14, 2022.

[16] Docket no. 12, filed Jan. 14, 2022.